

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/13/2008
ENTERED
01/14/2008

| | | |
|---|---|---|
| IN RE: | § | |
| MARVIN EUGENE EZZELL; dba | § | CASE NO: 07-34780 |
| HOUSTON AUTOMOTIVE CENTER, | § | |
| SADIE ANTOINETTE EZZELL | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 13 |

ORDER DENYING APPROVAL OF FEE APPLICATION

Barrett Burke Wilson Castel Daffin & Frappier, L.L.P. ("Barrett Burke") has filed an application for approval of $200.00 in fixed fees. Barrett Burke filed the application pursuant to Fed. R. Bankr. P. 2016(a).

Fed. R. Bankr. P. 2016(a) is a procedural rule. It sets forth the requirements that "an entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate" must meet in its application for compensation. Rule 2016(a) applies to "an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other entity." Accordingly, Rule 2016(a) applies to creditors seeking compensation from the estate. *In re Padilla*, --- B.R. ---, 2007 WL 2264714 *1 (Bankr. S.D. Tex. 2007).

It is axiomatic that the Federal Rules of Bankruptcy Procedure do not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Accordingly, the Court must evaluate whether Barrett Burke's application sets forth a sufficient basis for the award of fees. Although the application is unopposed, the Court has an independent duty to evaluate applications for fees. As this Court noted in *In re Padilla*:

> To maximize equality among creditors, courts closely scrutinize oversecured creditors' requests for post-petition fees, expenses and interest. Courts require oversecured creditors to prove that their claims meet § 506(b)'s reasonableness

requirements. *In re Tate*, 253 B.R. at 666 n. 8 ("fee requests are to be strictly construed, and the burden is on the creditor to show entitlement and reasonableness") (citing *In re Cuisinarts, Inc.*, 115 B.R. 744, 749 (Bankr.D.Conn.1990); *In re Samsa*, 86 B.R. 863, 867 (Bankr.W.D.Pa.1988); *In re United Nesco Container Corp.*, 68 B.R. 970, 970 (Bankr.E.D.Pa.1987).

*In re Padilla*, 2007 WL 2264714 at *5. The Court sees no reason why the Court's duty should vary in the situation presented in this application.

## Background

This bankruptcy case was commenced on July 19, 2007 when Marvin and Sadie Ezell filed a voluntary chapter 13 bankruptcy petition. The Ezells filed a proposed chapter 13 plan on August 9, 2007. The proposed plan was amended on November 13, 2007.

Among other things, the plan proposed to cure payment defaults on the note that is secured by a lien on the debtors' home. The note and lien are allegedly held by Countrywide Home Loans, Inc. ("Countrywide"). Countrywide did not object to confirmation of the proposed plan. Objections were filed by several other creditors, but were withdrawn.

Countrywide filed a proof of claim in this case on August 7, 2007. On September 24, 2007, the Ezells objected to the Countrywide proof of claim. Countrywide then amended its proof of claim on November 13, 2007.

The Ezells' proposed plan was confirmed on November 14, 2007. Countrywide then further amended its proof of claim on November 28, 2007. On December 19, 2007, the Court issued an order approving an agreed resolution of the objection to the proof of claim. The agreed order allowed a pre-petition arrearage claim to Countrywide in the amount of $2,974.87 and set Countrywide's monthly regular mortgage payment (with escrows) at $1,337.22.

The three proofs of claim filed by Countrywide each include $200.00 in attorney's fees for post-petition work performed by Countrywide's attorneys. The Ezells' September 24, 2007

objection specifically objects to this amount. The final proof of claim filed by Countrywide sought $3,174.87, including the $200.00 in attorney's fees. The December 19, 2007 agreed order on Countrywide's proof of claim reduced the claim by $200.00.

It appears that Barrett Burke is now seeking to collect the fees that its client waived in the agreed order.

## Substance of Current Application

Barrett Burke's application does not set forth any statutory basis on which its fee can be awarded. Because Fed. R. Bankr. P. 2016(a) does not establish a substantive entitlement to a fee award, the Court must examine the substantive law to determine if Barrett Burke has such an entitlement.

Although the Court is aware of several provisions of the Bankruptcy Code that may entitle a secured creditor to collect attorney's fees incurred by the secured creditor, the Court is only aware of one provision that allows a secured creditor's counsel to make a direct application to the Court. Section 503(b)(4) allows direct compensation for counsel for creditors who either (i) file an involuntary petition; (ii) recover funds for the benefit of the estate; (iii) prosecute a criminal offense; (iv) make a substantial contribution in a chapter 9 or 11 bankruptcy case; or (v) are a custodian superseded under § 543 of the Bankruptcy Code. Barrett Burke does not allege that it qualifies under any of the foregoing categories. Moreover, the Court's review of this case indicates that Barrett Burke does not qualify as a direct applicant under § 503(b)(4).

The Fifth Circuit requires the Court to characterize a pleading by its substance rather than by its form. *See Armstrong v. Capshaw, Goss & Bowers,* 404 F.3d 933 (5th Cir. 2005) (noting district courts must determine the true nature of a pleading by its substance, rather than its labels) (citing *Edwards v. City of Houston,* 78 F.3d 983, 995 (5th Cir. 1996) (*en banc*) ("[W]e have oft

stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label'") (quoting *Bros. Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 606 (5th Cir. 1963)). Accordingly, the Court has examined the application to determine whether it sets forth a proper application for Barrett Burke's client, Countrywide.

On its face, the application sets forth no statutory basis for an award to Countrywide. The Court has reviewed the promissory note and deed of trust attached to Countrywide's proofs of claim. Countrywide's note[1] allows for the recovery of "reasonable attorney's fees," but only (i) after acceleration of the note; and (ii) for enforcement of the note. The deed of trust authorizes the recovery of attorney's fees for protecting Countrywide's "secured position in a bankruptcy proceeding."

The application does not allege that a pre-petition acceleration has occurred. The application does not allege that the attorney's fees were for enforcement of the note. The application does not allege that Countrywide's secured position was jeopardized by the bankruptcy proceeding. Accordingly, the factual predicate that might entitle Countrywide to a fee award has not been satisfied by this unopposed application.

Moreover, the application does not allege that Countrywide paid $200.00 to Barrett Burke. The Court cannot discern from the application whether the $200.00 is the amount paid by Countrywide (making it a potentially recoverable amount under the Deed of Trust and note) or whether it is an amount that might be paid. Neither the note nor the deed of trust allow the recovery of attorney's fees not already paid.

There are additional legal complications that the Court will not substantively address here. Is Countrywide an oversecured creditor entitled to recover its pre-confirmation fees

---

[1] The note is payable to America's Wholesale Lender. The Court assumes, without finding, that Countrywide is the present owner and holder of the note.

Case 07-34780   Document 92   Filed in TXSB on 01/14/08   Page 5 of 6

pursuant to § 506(b)? May Countrywide recover its pre-confirmation fees under § 1322(b)(2), even if it is an undersecured creditor?

## Procedural Requirements of Rule 2016(a)

Rule 2016(a) contains the procedural requirements for an application. The application must include:

1. A detailed statement of the services rendered, time expended and expenses incurred.

2. A detailed statement of the amounts incurred.

3. A statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case.

4. The source of the compensation.

5. Whether any compensation has been shared or whether any agreement exists to share the compensation, and the details of any sharing arrangement.

6. Service on the United States Trustee.

Barrett Burke did not comply with the first and third of the six requirements. It did not provide a detailed statement of the services rendered, time expended, and expenses incurred. Of course, fixed fee agreements may be approved if a full analysis has been undertaken that justifies the fixed fee analysis on the basis of a detailed analysis of the typical time and expenses. *In re Cahill*, 428 F.3d 536 (5th Cir. 2005); *In re Chapter 13 Fee Applications*, Misc. Case No. 06-00305, 2006 WL 2850115 (Bankr. S.D. Tex. 2006). However, no such analysis is provided.

Although Barrett Burke disclosed that Countrywide had agreed to pay it $200.00 for the limited services set forth in the application, Rule 2016(a) requires a disclosure of all fees that Countrywide has agreed to pay Barrett Burke "in any capacity whatsoever in connection with the

5 / 6

case." That has not been done. From prior proceedings, this Court understands that Barrett Burke has agreements in place for compensation that could be paid in this case. *See In re Porcheddu*, 338 B.R. 729, 743 (Bankr. S.D. Tex. 2006). All such agreements must be disclosed pursuant to Rule 2016(a).

Accordingly, the Court finds that the application fails to meet the procedural requirements of Rule 2016(a).

### Additional Issues

The Court has substantial concerns that the application fails to disclose that the fees were previously sought by Countrywide and were denied by entry of the December 19, 2007 agreed order. The application filed by Barrett Burke does not make any attempt to disclose this fact.

Although the Court recognizes that $200.00 is a nominal sum, the Court expects Barrett Burke to present candid information in its applications and motions filed in this Court. This application contains sparse information, and substantial disregard of factual information necessary for justification of any such award.

### Conclusion

The application is denied, without prejudice.

SIGNED January 14, 2008.

                                                  Marvin Isgur
                                    UNITED STATES BANKRUPTCY JUDGE